# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

RODREKUS WATSON,       )
                      )
     Plaintiff,         )
                      )
v.                  )          CV624-040
                      )
WARDEN JACOB      )
BEASLEY, *et al.*,       )
                      )
     Defendants.      )

## REPORT AND RECOMMENDATION

*Pro se* prisoner Rodrekus Watson has filed a 42 U.S.C. § 1983 case concerning the conditions of his confinement.   *See* doc. 1 at 5-7.   He has also moved to proceed *in forma pauperis*.   Doc. 2.   Because he lacks the funds necessary to pay the required filing fee, that Motion is **GRANTED**. Doc. 2.   Ordinarily, the Court would require him to affirm his consent to collection of the filing fee from his prison trust account and submit a certification of the deposits to and balance in that account for the six months preceding the filing of the Complaint.   However, because, as discussed below, Watson has lied to the Court by misrepresenting his

litigation history, his Complaint should be **DISMISSED** as malicious.
Doc. 1.

In the sections of the form § 1983 complaint that solicit information
about prior litigation, Watson has affirmatively stated that he has not
filed any prior lawsuits.   *See* doc. 1 at 1-2.   However, a review of this
Court's records reveals that Watson has filed three prior actions in this
Court.   *See Watson v. Ward*, CV623-039, doc. 1 (S.D. Ga. June 15, 2023);
*Watson v. Adams*, CV624-028, doc. 1 (S.D. Ga. June 4, 2024); *Watson v.
Evans Memorial Hospital*, CV624-031, doc. 1 (June 10, 2024).   A review
of the United States Courts' electronic records (PACER) indicates that
Watson also filed an action in the Middle District of Georgia in 2015.
*See Watson v. Carter*, 7:15-cv-223-HL-TQL, doc. 1 (M.D. Ga. Dec. 10,
2015).   It also does not appear that Watson's misrepresentation in this
case is the result of his misunderstanding the form's questions.   In
several of the cases he has filed in this Court within the last month, he
disclosed, at least partially, his litigation history.   *See* CV624-028, doc.
1 at 4-5; CV624-031, doc. 1 at 2-3.   Watson signed the instant Complaint
under penalty of perjury.   Doc. 1 at 8.

Watson's misrepresentation of his litigation history merits dismissal. *See Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner failed to accurately disclose previous litigation). Dismissal as a sanction for selective disclosure, much less wholesale misrepresentation, is well established in this District. *See, e.g., Brown v. Wright*, CV111-044, doc. 12 (S.D. Ga. June 17, 2011); *Hood v. Tompkins*, CV605-094, doc. 8 (S.D. Ga. Oct. 31, 2005), *aff'd,* 197 F. App'x 818 (11th Cir. 2006). Given his clear misrepresentation of his litigation history, under penalty of perjury, his Complaint should be **DISMISSED** as malicious. *See, e.g., Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." (citation omitted)).

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document

should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>24th</u> day of July, 2024.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA