UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | | |
|---|---|---|
| RODREKUS WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV624-040 |
| | ) | |
| WARDEN JACOB BEASLEY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 4), to which Plaintiff has filed an Objection, (doc. no. 7). For the reasons explained below, the Report and Recommendation is **ADOPTED**, as supplemented. See, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.").

The Magistrate Judge recommended that pro se plaintiff Rodrekus Watson's Complaint be dismissed because Watson misrepresented his litigation history. The Magistrate Judge explained that Watson's Complaint affirmatively asserted that he had not filed any prior lawsuits. (See doc. 4 at 2; see also doc. 1 at 1-2.) Despite that assertion, the Magistrate Judge identified four prior cases Watson filed. (See doc. 4 at 2.) Finally, the Magistrate Judge noted that Watson's misrepresentation could not be explained by inadvertence because he had disclosed his full litigation history in other cases filed in this Court at approximately the same time as the instant Complaint. (Id.) Watson's Objection does not dispute any of the Magistrate Judge's factual findings or legal analysis. (See

generally doc. 7.) Instead, he asserts that his Complaint should not be dismissed because the misrepresentation is attributable to "prison lawyers" who prepared his pleadings. (Id. at 1.) His attempt to avoid responsibility for the content of his pleadings is unavailing.

While reliance on "jailhouse lawyers" is not inappropriate, the Supreme Court has expressed concern that prisoners who provide such services "are sometimes a menace to prison discipline and . . . their [products] are often so unskillful as to be a burden on the courts which receive them." Johnson v. Avery, 393 U.S. 483, 488 (1969). Several justices also warned that "the disadvantages to prisoner clients of the jailhouse lawyer are unacceptable." Id. at 499 (White, J. dissenting). A prisoner who relies upon such assistance does so at his peril. As another court in this Circuit has explained, the prisoner litigant, as the party who signs the pleading, is ultimately responsible for its contents and, to the extent that those contents came from another source, they are nevertheless attributable to the litigant. See, e.g., Hosie v. Massey, 105 F.R.D. 426, 428 (N.D. Fla. 1984) (finding that misrepresentations in a habeas petition, attributed to a "jailhouse lawyer," "are ultimately attributable to the [litigant]," and the litigant "is bound by the acts of his 'jailhouse lawyer'"). Even if Watson's reliance on his "jailhouse lawyer" were relevant, in this case, the reliance was facially unreasonable. The question of whether Watson had filed prior cases is neither subtle nor complex. No litigant may simply disregard facts he knows to be true and swear to the contrary on advice of counsel. Therefore, Watson's attempt to shift the blame for his now-admitted misrepresentations of his litigation history must be rejected.

In summary, Watson's objection to the Magistrate Judge's recommendation is **OVERRULED**.   (Doc. no. 7.)   The Court **ADOPTS** the Magistrate Judge's recommendation. (Doc. no. 4.) Watson's Complaint, (doc. no. 1), is **DISMISSED** as

malicious because of his misrepresentation of his litigation history. See, e.g., Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." (citation omitted)). The Clerk is **DIRECTED** to **CLOSE** this case.

ORDER ENTERED at Augusta, Georgia, this 5th day of September, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA